UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| ANDRE LOVE,                        | \| | Case No. 1:08-cv-242         |
| Plaintiff,                         | \| | HONORABLE PAUL L. MALONEY    |
| v.                                 | \| | Magistrate Judge Carmody     |
| COMMISSIONER OF SOCIAL SECURITY,   | \| |                              |
| Defendant,                         | \| |                              |

### ORDER

**Adopting the R&R without Objection;
Remanding the Case to the Agency under 28 U.S.C. § 405(g) Sentence Four;
Terminating the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Ellen Carmody, who issued a Report and Recommendation ("R&R") on Tuesday, February 10, 2009.

"'Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.'" *x v. Comm'r of SSA*, 2008 WL x (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) (citing 28 U.S.C. § 636(b)(1))). *See also x v. Comm'r of SSA*, 2008 WL x (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing

FED. R. CIV. P. 72(a))) and citing W.D. MICH. LCIVR 72.3(b)).

W.D. MICH. LCIVR 5.7(d)(i)(ii), entitled Service of Electronically Filed Documents - Service on Registered Attorneys, states in pertinent part, "Consequently, service of an electronically filed document upon a registered attorney is deemed complete upon the transmission of an NEF to that attorney under subsection (i)(iv) of this rule and no certificate of service should be filed." Accordingly, the court finds that plaintiff's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge. *See Swift v. SSA*, 2009 WL 198526, * (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (applying same local rule, and finding that counsel was served with R&R on the same date that the Magistrate Judge issued and e-filed it); *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying same rule, and finding that counsel was served with adversary's motion for summary judgment on the same date that the adversary e-filed the motion).

Rule 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Wednesday, February 11, 2009, the day *after* counsel were electronically served with the R&R.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes February 14 (Saturday), February 15 (Sunday), and February 16 (Monday, Presidents' Day). Days 2 through 5 ran from Tuesday, February 17 through Friday, February 20. The court excludes Saturday, February 21 and Sunday, February 22. Days 6

through 10 ran from Monday, February 23 through Friday, February 27.

Thus, under FED. R. CIV. P. 6 alone, the ten-day period for filing objections expired at midnight on Friday, February 27, 2009.

However, the plaintiff seems to be entitled to an extra three days because the Rules still allow three days for her brief to "arrive" at the Clerk's Office – a vestige of the times when parties filed documents by mailing or hand-delivering paper documents to the courthouse. *See* W.D. MICH. LCIvR 5.7(d)(i)(v), Effect on Time Computation ("The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d)."). Although this rule makes little sense in the age of electronic filing and service, *see Lopez v.* SSA, 2009 WL 261191, *2 (W.D. Mich. Feb. 4, 2009) (Maloney, C.J.), this court is obligated to follow it until it is amended. Allowing the extra three days for "mailing", the plaintiff's objections were due on Monday, March 2, 2009. That deadline has passed, and neither party filed objections or sought an extension of time in which to do so.

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2

(W.D. Mich. Jan. 29, 2009) (Maloney, C.J.).  Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions.  The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard.  However, § 636(b)(1)© simply does not provide for such review.  This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions].  Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard.  *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[1]  For the reasons

---

[1]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas*, 474 U.S. at 150).

*See also Lewis v. SSA*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report."); *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003)

explained by the R&R, substantial evidence in the record supported the ALJ's finding that Love experienced a medical improvement in his condition, even if the ALJ arguably failed to fully discuss that evidence on this issue, *see* R&R at 9-10.  Second, even if the ALJ erred by finding Love disabled at step 2 (because he met Listing of Impairments § 1.02) from August 1, 2001 through April 30, 2003, instead of continuing to analyze his residual functional capacity ("RFC") as of May 1, 2003, such error was harmless because the evidence did not support the notion that Love had a greater RFC on May 1, 2003 than during the earlier period, *see* R&R 11-12.

Third, Love's complaint about the ALJ's rejection of his treating physician's opinion fails because he fails to identify the specific opinion in question, and because substantial evidence in the record supported the ALJ's decision not to accord controlling weight to the treating physician's opinion.  Namely, some of her conclusions were internally inconsistent, and her opinion was contradicted by several physical examinations and by Love's own reports that medication was sufficiently managing his pain during the relevant period, R&R at 12-13.  *See Andreas v. SSA*, 2009 WL 427377, *3 (W.D. Mich. Feb. 18, 2009) (Maloney, C.J.) ("The ALJ's second reason for rejecting [treating physician]'s disability opinion was that it was contradicted by . . . an MRI . . . show[ing] that Andreas suffered only mild shoulder impingement syndrome, which would not be disabling.  Andreas has not explained how one can reconcile [treating physician]'s diagnosis of *acute* impingement syndrome with this MRI, and she presents no authority that it is error for an ALJ to favor an objective medical test result over a physician's contrary opinion – even a treating physician.").

---

(Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion.").

Moreover, treating physician Dr. Peterson gave postural limitations in areas where she had not tested Love's abilities. That could reasonably lead the ALJ to conclude not only that Dr. Peterson's opinion was not entitled to controlling weight in these specific areas, but also that Dr. Peterson was not worthy of credence generally. *Cf. Andreas*, 2009 WL 427377 at *3 ("the ALJ found that 'while [treating physician] asserted that plaintiff was also suffering from chronic fatigue syndrome and fibromyalgia, the doctor's treatment notes indicate that he never diagnosed or treated Plaintiff for any such impairments.' * * * The absence of such evidence can support the inference that [treating physician] either was making a diagnosis that he knew he had no basis for – and inference that can appropriately lead an ALJ to find [treating physician] not credible across the board, not merely unpersuasive or unsupported on the particular CFS/fibromyalgia diagnoses themselves.").

Fourth, however, the Magistrate Judge is also correct that substantial evidence in the record did not support the ALJ's determination that Love could perform his past relevant work or that he could perform a significant number of other available jobs. Because the ALJ's hypothetical question to the vocational expert incorporated an unsupportable RFC finding – that Love can carry twenty pounds, despite his undisputed need to use a "hand-held assistive device" to walk – the vocational expert's resultant opinion was not competent substantial evidence to support the ALJ's ultimate decision. *See Veltkamp v. SSA*, 528 F. Supp.2d 716, 727 (W.D. Mich. 2007) (Maloney, J.) (The VE "testified that if limited to the extent recognized by the ALJ, Plaintiff could still perform his past relevant work as a handyman and service representative. However * * * the hypothetical questions [to the VE] w[ere] based upon . . . an improper RFC determination. Accordingly, the ALJ's conclusion that Plaintiff can perform his past relevant work despite his limitations, is supported by

6

less than substantial evidence.") (citing *Cline v. SSA*, 96 F.3d 146, 150 (6th Cir. 1996)).

Remand is necessary for the ALJ to make a valid RFC determination and then conduct a step-five analysis (including hypothetical question to a vocational expert) which incorporates that valid RFC determination. *See, e.g., Benton v. SSA*, 511 F. Supp.2d 842 (E.D. Mich. 2007) (Victoria Roberts, J.) (remanding for ALJ to determine whether jobs existed that were suitable in light of a correct statement of the claimant's RFC, which must take account of his "moderate" limitations in "concentration, persistence or pace"); *Deihl v. SSA*, 2008 WL 408463, *6 n.7 (W.D. Mich. Feb. 12, 2008) (Maloney, C.J.) (discussing *Lancaster v. SSA*, 228 F. App'x 563 (6th Cir. 2007), where "our Circuit held that the ALJ erred . . .by allowing the VE to formulate his assessment of the claimant's RFC based on the mistaken belief that claimant was 'mildly' rather than 'moderately' restricted in his ability to interact appropriately with the general public. * * * [T]he ALJ on remand would have to obtain an RFC assessment from the VE that was based on a hypothetical accurately incorporating the claimant's impairments.").

## ORDER

Having reviewed the complaint, the parties' briefs, and the R&R, and having received no objections, the R&R [document # 12] is **ADOPTED**.

The Commissioner's denial of DIB and SSI benefits is **VACATED.**

Pursuant to 28 U.S.C. § 405(g) sentence four, this case is **REMANDED** to the Commissioner for further consideration and fact-finding in accordance with this opinion and the R&R.

As required by FED. R. CIV. P. 58, judgment for the plaintiff shall be entered by a separate

7

document issued contemporaneously herewith.[2]

This court does **NOT** retain jurisdiction.[3]  *See Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993) (Scalia, J.) (a district court which remands under sentence four may not retain jurisdiction, and must enter a final judgment affirming, modifying or reversing the Commissioner's decision); *Marshall v. SSA*, 444 F.3d 837, 841 (6th Cir. 2006) (Richard Allen Griffin, J.) ("A 'sentence-four' remand results in the immediate entry of judgment (and relinquishment of jurisdiction) by the District Court, whereas in the 'sentence-six' remand[4] context judgment is not entered (and the District Court retains jurisdiction) until post-remand agency proceedings are complete.") (citation omitted).

This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.**  *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) ("'[A] party's failure to object to the

---

[2] "A sentence four remand is a judgment for the plaintiff."  *Siuta v. SSA*, 2009 WL 275732, *1 (E.D. Mich. Feb. 5, 2009) (citing *Shalala*, 509 U.S. 292 at 302).

[3] The court need not retain jurisdiction to entertain a possible application for attorney fees under the Equal Access to Justice Act ("EAJA").  "[O]ne does not become a prevailing party merely by obtaining a remand for further proceedings before the agency from which he appealed." *Veltkamp v. SSA*, 531 F. Supp.2d 810, 813 (W.D. Mich. 2007) (Maloney, J.) (citing *Marshall v. SSA*, 444 F.3d 837, 840 (6th Cir. 2006) (Griffin, J.) (citing *Sullivan v. Hudson*, 490 U.S. 877, 887 (1990))).

[4] Sentence-six remands are authorized in only two situations: where the Commissioner requests a remand before answering the complaint, or where the plaintiff has adduced new, material evidence that he had good cause for not introducing to the agency previously.  *Marshall*, 444 F.3d at 841 n.2 (citing *Shalala*, 509 U.S. at 297 n.2); *see, e.g., Newsome v. SSA*, 528 F. Supp.2d 733, 736 (W.D. Mich. 2007) (Maloney, J.) (discussing how to determine whether evidence is "new" and "material" for this purpose).  Hence sentence six is inapposite here.

recommendations of a magistrate judge constitutes a waiver of the right to appeal.'") (quoting *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[5]

**IT IS SO ORDERED this 4th day of March 2009.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[5]

*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Griffin *et al.*) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.").